UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JONATHAN BURKE BERRY,**

      **Petitioner,**

**v.**

                                  **Case No. 8:23-cv-438-MSS-MRM**

**SECRETARY, DEPARTMENT OF
CORRECTIONS,**

      **Respondent.**

_____

<u>**ORDER**</u>

**THIS CAUSE** comes before the Court on *pro se* Petitioner Jonathan Burke Berry's construed motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). (Dkt. 23) Respondent filed a response in opposition, and Berry submitted a reply. (Dkts. 28, 29) For the following reasons, the Rule 59(e) motion is **GRANTED**.

In May 2024, the Court dismissed as untimely Berry's petition for writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 19) Based on the record before it, the Court held that Berry filed his § 2254 petition approximately six months after the September 1, 2022, deadline. (Id. at 2-3) Berry now contends that this ruling was mistaken. (Dkt. 23 at 4) He states that he "just recovered" a motion to correct illegal sentence that he mailed to the state court on April 17, 2019.[1] (Id.) The motion contains a prison date

---

[1] Berry alleges that he "thought [the motion was] gone forever due to ongoing retaliation" at his facility, including "stealing [and] destroying legal property." (Dkt. 23 at 4)

stamp showing that it was provided to Century Correctional Institution for mailing on April 17, 2019. (Id. at 8) Additionally, Berry signed the motion on that date. (Id.) Nevertheless, the state court apparently did not receive the motion. (Dkt. 15-2, Ex. 1) In June 2024, Berry sent a copy of the motion to the state court and asked it "to hear and rule" on his request. (Dkt. 29 at 6) Five months later, the state court granted the motion in part, correcting a "scrivener's error" related to court costs. (Id. at 9)

If Berry's motion to correct illegal sentence is deemed filed on April 17, 2019, his § 2254 petition is timely. A state prisoner has one year to seek relief under § 2254, but the clock is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2254(d)(2). As the Court previously explained, Berry's limitation period began to run on January 23, 2019. (Dkt. 19 at 2) A motion to correct illegal sentence has tolling effect. See Ford v. Moore, 296 F.3d 1035, 1040 (11th Cir. 2002). Thus, if Berry's motion to correct illegal sentence was filed on April 17, 2019, the clock stopped after only 84 days of untolled time. The motion remained pending—and the clock remained paused—until the state court denied relief at the end of 2024. By that time, however, Berry had already filed his § 2254 petition in February 2023. (Dkt. 1 at 28)

Therefore, the timeliness of this action turns on whether Berry's motion to correct illegal sentence is deemed filed on April 17, 2019. For the reasons explained below, the answer to that question is yes. As a result, this action is timely, and Berry is entitled to relief under Rule 59(e). See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (Rule 59(e) relief may be based on "newly-discovered evidence").

2

The state court did not receive Berry's motion until June 2024. But Berry is a *pro se* prisoner, and his filings are "deemed filed on the date [they are] delivered to prison authorities for mailing." Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015). The mailbox rule "applies to *pro se* prisoner litigants because a prisoner necessarily loses control of his filing when he delivers it to prison authorities." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014). "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." Id. "The burden is on the Government to prove the [filing] was delivered to prison authorities on a date other than the date the prisoner signed it." Id. Significantly, "the mailbox rule applies even when the [document] is never received or filed by the court." Gracey v. United States, 131 F. App'x 180, 181 (11th Cir. 2005).

Berry signed his motion to correct illegal sentence on April 17, 2019. (Dkt. 23 at 8) Moreover, the motion contains a prison date stamp indicating that it was provided to Century Correctional Institution for mailing on April 17, 2019. (Id.) The stamp appears to be initialed by a prison official. (Id.) According to Respondent, the "Senior Mailroom Clerk" at Berry's facility "recognized the prison stamp and her signature" and stated that "they appeared to be authentic." (Dkt. 28 at 3) Thus, the "presumptive filing date" of the motion is April 17, 2019. Daniels, 809 F.3d at 589.

Respondent bears the "burden" to prove that the motion "was delivered to prison authorities" on a later date. Jeffries, 748 F.3d at 1314. Respondent has not met his burden.

3

First, Respondent argues that the motion was not presented for mailing to the state court because the certificate of service states only that a "copy . . . was placed in the hands of prison officials . . . for mailing to [the] *State Attorney*." (Dkt. 23 at 8 (emphasis added)) This argument is unpersuasive. "While the certificate expressly states that a copy of the motion was being delivered to prison officials for mailing to the State Attorney, the document itself was addressed to the trial court." Sargent v. McNeil, No. 4:08-cv-175-SPM-WCS, 2009 WL 903279, at *5 (N.D. Fla. Mar. 31, 2009). Moreover, "[a] traditional certificate of service, whether under the Florida rules or as seen in [federal] court, does not reflect service on the court but on opposing parties or counsel." Id. Thus, the certificate of service does not prove that Berry failed to hand the motion to prison officials for mailing to the state court. This conclusion is reinforced by a review of Berry's other *pro se* filings. For example, in March 2021, the state court received from Berry a notice of appeal with a certificate of service stating that copies were mailed only to the "Office of the State Attorney" and the "Office of the Attorney General." (Dkt. 15-2, Ex. 12)

Second, Respondent contends that "there is no indication in the prison's legal mail logs that Berry sent any legal mail to the [state court] in April[ ] 2019." (Dkt. 28 at 4) In support, Respondent submits a declaration from the Senior Mailroom Clerk at Berry's facility. (Dkt. 28-1) The Clerk states that she "found no entries for" Berry "on the legal mail logs[ ] designating outgoing mail between the months of March 2019 and October 2019." (Id. at 3) It is unclear why the mail logs do not include Berry's motion to correct illegal sentence. As noted above, however, the motion contains a

4

prison date stamp showing that it was provided to Century Correctional Institution for mailing on April 17, 2019. (Dkt. 23 at 8) The Clerk "recognized the prison stamp and her signature" on the motion and stated that "they appeared to be authentic." (Dkt. 28 at 3) "Where, as here, the evidence does not clearly explain what happened . . . the party with the burden loses." Beeman v. United States, 871 F.3d 1215, 1225 (11th Cir. 2017); see also United States v. Shamsid-Deen, 61 F.4th 935, 952 (11th Cir. 2023) ("When the evidence is unclear or evenly balanced, or the inferences that can be drawn from it are ambiguous, the party with the burden of persuasion loses."). Because Respondent bears the burden on this issue—and because the prison date stamp appears to be authentic—the absence of the motion from the mail logs is insufficient to rebut the "presumptive filing date" of April 17, 2019. Daniels, 809 F.3d at 589.

Accordingly, under the prison mailbox rule, the motion to correct illegal sentence is deemed filed on April 17, 2019. As a result, this federal habeas action is timely, and Berry's petition is entitled to a merits review.

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Berry's construed motion to alter or amend the judgment, (Dkt. 23), is **GRANTED**.

2. The dismissal order, (Dkt. 19), and judgment, (Dkt. 20), are **VACATED**. The Clerk of Court must **REOPEN** this action.

3. No later than **90 DAYS** from the date of this Order, Respondent must submit a supplemental response addressing the merits of the amended petition (Dkt.

12). No later than **30 DAYS** after Respondent submits the supplemental response, Berry may file a reply. The reply must not exceed 20 pages.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of April 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE